UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACQUELINE SUSAN TURNER, )
)
Plaintiff, )
)
vs. )   05 C 5061
)
JEWEL FOOD STORES, INC., )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The following matter is before the court on Defendant's, Jewel Food Stores, Inc. ("Jewel"), Motion to Dismiss Count IV of Plaintiff's, Jacqueline Susan Turner ("Turner"), complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below the Motion is denied.

## BACKGROUND

Turner, a Caucasian female, is a United States citizen and a resident of Illinois. Jewel is a New York corporation, registered to do business in Illinois, that employed Turner as a cashier at its Homewood, Illinois facility from November 2, 1977 until terminating her on November 12, 2004. We assume the truth of the following facts for the purposes of this motion.

At all times relevant to the events described in her complaint, Turner was over the age of 40 and asserts she was meeting or exceeding Jewel's reasonable work expectations. She alleges that while so employed, she was subjected to terms and condition of employment not applied to younger, similarly situated, non-white employees. Specifically, she pleads: 1) having to work reduced hours; 2) being falsely targeted for discipline; 3) being treated less favorably than non-white, younger employees; 4) being denied transfers to other departments; and 5) being suspended for policy violations while non-white, younger employees were not suspended. Turner complained to supervising personnel regarding the above alleged acts of discrimination, but no corrective action was taken.

At all relevant times, Turner's employment was governed by a collective bargaining agreement ("CBA"). Turner contends that Jewel violated the CBA by reducing hours, denying promotions and/or department transfers, and scheduling employees who were covered by "older collective bargaining agreements" for less favorable shifts. She further suggests that she was terminated on account of her race and age and retaliated against for complaining of the alleged unlawful employment practices.

Turner filed a timely charge of discrimination with the Equal Employment Opportunity Commission, who mailed her a Notice of Right to Sue on

August 23, 2005. On September 2, 2005, Turner filed a four count complaint alleging: 1) discrimination against her in violation of 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; 2) disparate treatment in violation of § 1981, Title VII, and the ADEA; 3) retaliation in violation of Title VII and the ADEA; and 4) disparate impact in violation of the ADEA. Jewel now brings the instant Motion to Dismiss count IV of Turner's complaint.

## **LEGAL STANDARDS**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, a court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). Further, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action.

Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). With these principles in mind, we turn to the instant Motion.

**DISCUSSION**

Jewel contends that Count IV should be dismissed because: 1) it is preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and 2) Turner fails to state a claim upon which relief can be granted.

As for Jewel's first contention, that Count IV is preempted by the LMRA, the Supreme Court has held, "in the area of federal labor law, if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles-necessarily uniform throughout the Nation-must be employed to resolve the dispute." Teamsters v. Lucas Flour Co., 369 U.S. 95, 82 S. Ct. 571; Vorhees v. Naper Aero Club, Inc. 272 F.3d 398, 403 (7th Cir. 2001). Jewel asserts that Count IV requires us to decipher the meaning of the CBA and therefore it is preempted by the LRMA. Further, Jewel argues that the LRMA should also preempt federal law but fails to present law in support thereof. We disagree. Upon reviewing the parties' submissions and conducting our own research, it is evident that the rationale behind preemption of state law claims is to protect against divergent state law interpretations of an area in

which Congress has occupied. That danger does not exist with our interpretation of federal causes of action, as is presented here under the ADEA. Consequently, we find Jewel's argument is without merit.

Jewel next contends that Count IV should be dismissed because Turner fails to state a claim under the ADEA for which relief can be granted. In <u>Smith v. City of Jackson</u>, ___ U.S. ___, ___, 125 S. Ct. 1536, 1540 (2005), the Supreme Court held that the ADEA authorizes recovery under a disparate impact theory of liability. In order to adequately put forth a disparate impact claim, a plaintiff must allege that defendant's policies or practices are facially neutral but effectively discriminatory and thereby violate an anti-discrimination statute. <u>Teamsters v. United States</u>, 431 U.S. 324, 349, 97 S. Ct. 1843 (1977). As Jewel correctly highlights, a valid disparate impact claim must identify the specific policy or practice at issue and that policy or practice cannot be one based on reasonable factors other than age. Turner pleads that Jewel engaged in facially neutral employment practices that have a disparate impact upon its employees 40 years of age and over, such as, but not limited to: 1) reducing hours of employees covered by older CBA's; 2) denying promotions and/or department transfers to employees covered by older CBA's; and 3) scheduling employees covered by older CBA's to work less favorable shifts.

Jewel asserts that Turner has failed to provide notice of what age related factor(s) her disparate impact claim is based on. Jewel is correct that Turner has not set forth an age related factor to base her claim upon, but instead has asserted age as the factor that Count IV is based on. Jewel further contends that the alleged discriminatory practices can be attributed to reasonable factors other than age, for example seniority. Although we do not deny that the alleged misconduct may well be attributed to reasonable factors other than age in the end, viewing the complaint in the light most favorable to Turner at this stage of the litigation, it cannot be concluded that no set of facts would entitle her to relief. Under federal notice pleading requirements, a pleading must only "allow the defendants to understand the gravamen of the plaintiff's complaint." Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir. 1996). Turner must only have alleged that the misconduct resulted from age discrimination on Jewel's part. It is evident that she has and thereby has placed Jewel on notice of the gravamen of her ADEA disparate impact claim. Consequently the Motion is denied.

## CONCLUSION

For the reasons set forth above, Jewel's Motion to Dismiss is denied.

_____
Charles P. Kocoras
Chief Judge
Dated:   December 21, 2005   United States District Court